**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EDDIE MONTALVO-VAZQUEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> THE COMMONWEALTH OF PUERTO RICO, ET AL., <br><br> Defendants. | CIV. NO. 02-1941 (PG) |

**OPINION AND ORDER**

On October 17, 2001, police officers arrived at plaintiffs Eddie Montalvo-Vazquez and his wife Sonia Enid Ortiz-Velazquez' home to conduct a search pursuant to a search warrant that had been issued by the Commonwealth of Puerto Rico authorities. (Amended Complaint, Docket No. 44.) The search warrant was based on a Sworn Statement signed by Agent Irving Mercedes Rivera who alleged having observed a drug transaction that took place in plaintiff's residence on October 15, 2001. (Id., at 3.)  After a thorough search, the police officers failed to find any illegal substances. On June 18, 2002, plaintiffs filed this §1983 cause of action claiming that defendants had violated their rights under the Fourth Amendment of the Constitution of the United States of America. (Id., at 3-4.)

Before the Court is defendants Motion for Summary Judgment (Docket No. 69.) Defendants argue that plaintiffs have failed to state a claim of violation of their federally protected rights[1].

A motion for summary judgment is governed by Fed. R. Civ. P. 56 which allows disposition of a case if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir. 2000).

Upon carefully reviewing the record, the Court finds there are genuine

---

[1] Defendants focus their motion on the legality of the police officers actions while conducting the search, however, completely sidestep the issue of whether the search warrant was improperly obtained which is the gist of plaintiffs' claim.

Civ. No. 02-1941(PG)                                                   Page 2

issues of fact regarding the issuance of the search warrant that preclude granting summary judgment. For example, plaintiffs claim that Police Officer Irving Mercedes Rivera's sworn statement which was used to obtain the search warrant contained untruthful information. It is well-settled, that an "officer who obtains a warrant through material false statements which result in an unconstitutional search may be held personally liable for his actions under § 1983." Aponte Matos v. Toledo Davila, 135 F.3d 182, 187 (1st Cir. 1998); Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Officer Mercedes Rivera stated in his sworn statement that on October 15, 2001 at 3:00 p.m. he saw a male carrying out illegal drug activity in plaintiffs' residence. Plaintiff Eddie Montalvo-Vazquez is the only male that lives in that residence. Plaintiffs' have proffered evidence that shows that on October 15, 2001 at 3:00 p.m., plaintiff Montalvo-Vazquez was at his workplace. (See Docket No. 98, Exhibit 3.) Furthermore, plaintiffs' maintain that on that date and at that time, there was no one in their house. What is more, there are issues of fact regarding whether the police officers followed the Puerto Rico Police Department's General Order 98-16 which describes the procedure that should be followed to obtain and execute search warrants. (See Docket No. 98, Exhibit 3.)

At the summary judgment juncture, there is "no room for the measured weighing of conflicting evidence." Greenburg v. Puerto Rico Maritime Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1997). The Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts. See Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002). Accordingly, the Court **DENIES** defendants' motion. (**Docket No. 69.**) The **Final Pretrial Conference** is hereby set for **Thursday, January 26, 2006 at 1:30 p.m.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, January 12, 2006.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE